**No. 25-4249**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

————————

**NEETA THAKUR, et al.,**

*Plaintiffs-Appellees,*

*vs.*

**DONALD J. TRUMP, et al.,**

*Defendants and Appellants.*

————————

Appeal from United States District Court
Northern District of California
Hon. Rita F. Lin
U.S. District Court Case No. 3:25-cv-4737

————————

## PLAINTIFFS' MOTION FOR RECONSIDERATION OR
## RECONSIDERATION EN BANC

————————

| **Farella Braun +**<br>**Martel LLP** | **Lieff Cabraser Heimann**<br>**& Bernstein LLP** | |
|---|---|---|
| Anthony P. Schoenberg | Elizabeth J. Cabraser | Erwin Chemerinsky |
| Linda S. Gilleran | Richard M. Heimann | Claudia Polsky |
| Donald E. Sobelman | Kevin R. Budner | U.C. Berkeley School of |
| Kyle A. McLorg | Annie M. Wanless | Law |
| Dylan M. Silva | Nabila M. Abdallah | Law Building |
| Katherine T. Balkoski | 275 Battery St., 29th Fl. | Berkeley, CA 94720-7200 |
| One Bush St., Suite 900 | San Francisco, CA 94111 | 510.642.6483 |
| San Francisco, CA 94104 | 415.956.1000 | |
| 415.954.4400 | | |

*Attorneys for Plaintiffs-Appellees*

## TABLE OF CONTENTS

**Page**

RULE 40 STATEMENT ....................................................................1

PROCEDURAL HISTORY ...............................................................4

I.    The Panel's Amended Order Would Mean that No Court Would Have Jurisdiction to Hear the Plaintiffs' Claims Under the Administrative Procedure Act. ...........................................8

II.    The Panel's Amended Order Conflicts with Ninth Circuit Precedent in Concluding that the Tucker Act Bars Federal District Court Jurisdiction Where the Court of Federal Claims Would Not Have Jurisdiction. ..........................................11

III.    The Complete Preclusion of Jurisdiction for Plaintiffs' Claims Under the Administrative Procedure Act Is Inconsistent With Ninth Circuit Precedent and Raises an Issue of Exceptional Importance. ...................................................13

CONCLUSION ..............................................................................17

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Abbott Lab'ys v. Gardner*,
387 U.S. 136 (1967)...................................................................13

*Arce v. United States*,
899 F.3d 796 (9th Cir. 2018) .....................................................13

*Bowen v. Mich. Acad. of Fam. Physicians*,
476 U.S. 667 (1986)...................................................................13

*Cienega Gardens v. United States*,
194 F.3d 1231 (Fed. Cir. 1998) ................................................2, 9

*Cmty. Legal Servs. in East Palo Alto v. United States Dep't of Health
& Hum. Servs.*,
137 F.4th 932 (9th Cir. 2025), *reh. denied* 155 F. 4th 1099...................2, 11, 12

*I.N.S. v. St. Cyr*,
533 U.S. 289 (2001)...................................................................14

*Ibarra-Perez v. United States*,
154 F.4th 989 (9th Cir. 2025) ....................................................13

*Loper Bright Enters. v. Raimondo*,
603 U.S. 369 (2024)...................................................................16

*McNary v. Haitian Refugee Ctr., Inc.*,
498 U.S. 479 (1991)...................................................................16

*Nat'l Insts. of Health v. Am. Pub. Health Ass'n* (*NIH v. APHA*),
145 S.Ct. 2658 (2025)............................................................*passim*

*Powers v. McDonough*,
No. 24-6338, --- F.4th ---, 2025 WL 3718737 (9th Cir. Dec. 23,
2025) ......................................................................................3, 14

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Ransom v. United States*,
   900 F.2d 242 (Fed. Cir.1990) ...................................................................9

*Thakur v. Trump,*
   148 F.4th 1096 (9th Cir. 2025) ...........................................................1, 7

*Tootle v. Sec'y of Navy*,
   446 F.3d 167 (D.C. Cir. 2006).....................................................9, 11, 12

**Court Rules**

Fed. R. App. P. 40(d)(1) ...........................................................................8

## RULE 40 STATEMENT

Reconsideration by the panel, or the full Court if necessary, is appropriate because the panel decision directly conflicts with recent Ninth Circuit decisions and because the ruling raises issues of exceptional importance concerning the jurisdiction of federal district courts.

This is a lawsuit brought by researchers and faculty of the University of California who have had grants terminated by federal agencies. The District Court issued a preliminary injunction against the termination of grants to two classes of Plaintiffs: A Form Termination Class whose grants had been terminated in an arbitrary and capricious manner in violation of the Administrative Procedure Act (APA), and an Equity Termination Class whose grants had been terminated based on the perceived viewpoint of the research in violation of the First Amendment. On August 21, 2025, the panel issued an Order denying the government's motion to stay the preliminary injunction as to both classes of Plaintiffs. *Thakur v. Trump*, 148 F.4th 1096 (9th Cir. 2025).

On December 23, 2025, the panel issued an Amended Order. As for the Form Termination class, the Amended Order stayed the preliminary injunction, concluding that Plaintiffs were unlikely to prevail on the merits because the Tucker Act precludes the District Court's jurisdiction over the APA claims. The panel based this conclusion on the Supreme Court's decision in *National Institutes of*

-1-

*Health v. American Public Health Association*, 145 S.Ct. 2658 (2025) (hereafter "*NIH v. APHA*"). Amended Order at 8. As for the Equity Termination Class, the Amended Order again denied the government's request of a stay of the preliminary injunction. Amended Order at 10-18.

Plaintiffs seek reconsideration or reconsideration en banc as to the panel's decision as to the Form Termination Class and its conclusion that the District Court lacked jurisdiction to hear the claims under the APA. As the government has argued, and as both the District Court and this Court have held, the Court of Federal Claims does not have jurisdiction to hear the Plaintiffs' claims because they are not parties to the grants between the United States and the University of California. *See Cienega Gardens v. United States*, 194 F.3d 1231, 1239 (Fed. Cir. 1998) (only parties to a contract may sue the United States government in the Court of Federal Claims).

There is thus a direct conflict between the panel's ruling and the Ninth Circuit's decision in *Community Legal Services in East Palo Alto v. United States Department of Health and Human Services*, 137 F.4th 932 (9th Cir. 2025). In that case, the Court held that the Tucker Act does not bar jurisdiction in the District Court where the Court of Federal Claims would not have jurisdiction to hear the matter. The Court was explicit that the Tucker Act only precludes District Court jurisdiction where the case could be brought in the Court of Federal Claims. *See*

-2-

*id.* at 938-39. Moreover, the total preclusion of jurisdiction of any federal court to hear Plaintiffs' APA claims conflicts with the Ninth Circuit's repeated decisions, including its very recent holding in *Powers v. McDonough*, that "we construe jurisdiction-stripping statutes narrowly. '[E]xpress instructions of the Supreme Court, our precedent, and common sense' all prescribe a narrow construction of jurisdiction-stripping statutes except where their meaning is clear and unequivocal." No. 24-6338, --- F.4th ---, 2025 WL 3718737, at *11 (9th Cir. Dec. 23, 2025) (citations omitted).

The Amended Order of the panel involves questions of exceptional importance: Does the Tucker Act bar federal district court jurisdiction if there is no jurisdiction in the Court of Federal Claims? Should a statute be interpreted to bar federal district court jurisdiction if that would mean that no court has jurisdiction to hear the plaintiffs' claims? The Supreme Court's ruling in *NIH v. APHA* does not explicitly or implicitly address whether the Tucker Act bars federal district court jurisdiction in cases where the Court of Federal Claims would not have jurisdiction to hear the matter.

Thus, Plaintiffs respectfully request reconsideration or reconsideration en banc to resolve this conflict with recent Ninth Circuit decisions and to address an issue of vital importance in ensuring that plaintiffs have a legal venue in which to present their claims.

-3-

## PROCEDURAL HISTORY

This is a lawsuit brought by University of California faculty and researchers who have been seriously injured by the termination of grants by the Trump administration in violation of federal law and the Constitution. The stakes for the researchers, for society, and for the world could not be higher. Once funds are cut off, research must stop. Laboratories must close. Staff is laid off; post-doctorate researchers and graduate students must leave. Papers are not published. Research, including for scientific and medical advances, ceases. Even if later somehow the research resumes, it is permanently and irreparably set back.

The University of California is the world's leading public research institution. Its ten campuses, three affiliate national laboratories, and dozens of institutes, centers, and facilities produce research that has changed the world, increased human knowledge, and contributed to the prominence and security of the United States and the health and welfare of all Americans.

Beginning January 20, 2025, President Trump issued Executive Orders directing agencies to terminate grants, including those related to disfavored topics, such as diversity, equity, and inclusion ("DEI"). The Environmental Protection Agency ("EPA"), National Science Foundation ("NSF"), and National Endowment for the Humanities ("NEH") implemented the President's orders by abruptly and unlawfully terminating grants *en masse*. They selected grants for termination using

keyword searches for what they deemed forbidden terms and concepts, and terminated them via form letters without any reasoned explanation.

The terminations dealt a devastating blow to leading researchers at the University of California who relied on such federal grants. *See* Order Granting Motion for Preliminary Injunction and Provisional Class Certification at 1-2 (June 23, 2025), Dkt. No. 54 (hereafter "Dist. Ct. Order").[1] At the time of the filing of the Complaint, the Department of Government Efficiency website indicated that the federal government had terminated over $324 million in grants to the University of California system. Compl. ¶ 112 (June 4, 2025), Dkt. No. 1; *see also* Dist. Ct. Order at 15. This is actually a significant underestimate, as it is limited to what was listed on the Department of Government Efficiency website, which was incomplete. Also, it does not include instances in which University of California researchers received sub-grants that were terminated.

On June 4, 2025, Plaintiffs, who are University of California researchers with terminated federal grants, filed their Class Action Complaint for Declaratory and Injunctive Relief. Dkt. No. 1. The District Court found that Plaintiffs were directly injured by the termination of the grants for their research and thus had standing to sue in federal court. The District Court granted Plaintiffs' motion for a

---

[1] Unless otherwise indicated, "Dkt. No." refers to the district court docket.

preliminary injunction, finding that Plaintiffs were likely to succeed on their Administrative Procedure Act and First Amendment claims and that "the balance of equities and the public interest strongly favor the entry of a preliminary injunction."[2] Dist. Ct. Order at 2-3; 47-48; *see also* Dkt. No. 55 (Preliminary Injunction as to Agency Defendants).

Specifically, the District Court found that the termination of grants through form letters was arbitrary and capricious, in violation of the Administrative Procedure Act. The District Court also found that the termination of grants violated the First Amendment because the actions were based on the perceived viewpoint of the research. The District Court certified two classes of plaintiffs – those that had grants terminated by form letters (Form Termination Class) and those that had grants terminated based on their viewpoint (Equity Termination Class). The District Court imposed a preliminary injunction against the three federal agencies where Plaintiffs named in the Complaint had grants terminated:

---

[2] The District Court did not reach the other claims in Plaintiffs' Complaint, including that the termination of grants violated separation of powers, the Impoundment Control Act, and due process of law. Dist. Ct. Order at 35. These issues were briefed in the District Court and remain a basis for injunctive relief. In issuing its Amended Order, the panel stated: "We express no opinion on Plaintiffs' remaining constitutional and statutory claims, nor on whether it would be appropriate for the district court to certify other provisional classes based on those claims." Amended Order at 18-19.

the Environmental Protection Agency, the National Endowment of the Humanities,

and the National Science Foundation (hereafter, "Agency Defendants").[3]

Pursuant to the District Court's Order, Agency Defendants began reinstating

grants, allowing Plaintiffs to access research funds and resume research. Dkt. Nos.

66, 72. Several weeks after the District Court issued the preliminary injunction,

Defendants National Endowment of the Humanities and Environmental Protection

Agency filed a motion in this Court to partially stay the preliminary injunction; the

National Science Foundation did not join this motion.[4]

After briefing and oral argument, the panel denied the motion to stay in a

published opinion. *Thakur,* 148 F.4th 1096. On December 23, 2025, the panel

issued an Amended Order and granted the government's motion to stay the

---

[3] Subsequent to the panel's Order on August 21, 2025, the District Court allowed
Plaintiffs to amend their Complaint and issued a preliminary injunction against the
Department of Defense, the Department of Transportation, and the National
Institutes of Health. The District Court found that these agencies also violated the
Administrative Procedure Act and the First Amendment. The Plaintiffs later
moved to amend their Complaint to seek a preliminary injunction against the
Department of Energy. That is now pending before the District Court.
[4] The panel in its Amended Order noted the "government has not moved for NSF
to join that motion." Amended Order at 4 n.3. Thus, at this stage, the panel's
Amended Order staying the preliminary injunction as to the Form Termination
Class applies only to the Environmental Protection Agency and the National
Endowment of the Humanities.

preliminary injunction as to the Form Terminaion Class.[5]  The Amended Order did

not stay the preliminary injunction as to the Equity Termination Class.

### I. The Panel's Amended Order Would Mean that No Court Would Have Jurisdiction to Hear the Plaintiffs' Claims Under the Administrative Procedure Act.

The panel's Amended Order concludes that the federal district court lacked

jurisdiction to hear the Plaintiffs' claims under the Administrative Procedure Act

because the Tucker Act provides that such matters must be heard in the Court of

Federal Claims.

As the Defendants have argued throughout this litigation, Plaintiffs—faculty

members and researchers at the University of California—are not parties to the

grant agreements with the United States that are at issue here.  The grant

agreements are between the United States and the University of California.  *Thakur

v. Trump*, No. 25-4249, App. Ct. Dkt. No. 26 (9th Cir. Aug. 7, 2025) (Appellant's

Br. at 38). The government emphasized this in its Opposition to Motion for

Preliminary Injunction, stating that the Plaintiffs are "**Not Parties to Any

Terminated Contract.**" Dkt. 35 at 17 (emphasis in original).

---

[5] The government moved for Panel Reconsideration or Reconsideration En Banc for Published Order Denying Stay Pending Appeal.  The panel, in its Order on December 23, 2025, stated:  "Appellants' motion for panel reconsideration or reconsideration en banc (Dkt. 51) is DENIED AS MOOT.  Further motions for reconsideration are permitted pursuant to Fed. R. App. P. 40(d)(1); Ninth Cir. Gen. Order 5.3(a)." App. Ct. Dkt. 73.

The law is clear that only parties to contracts with the United States may bring a claim for breach of contract in the Court of Federal Claims. As the United States Court of Appeals for the Federal Circuit has stated: "[T]o maintain a cause of action pursuant to the Tucker Act that is based on a contract, the contract must be between the plaintiff and the government." *Cienega Gardens*, 194 F.3d at 1239 (quoting *Ransom v. United States,* 900 F.2d 242, 244 (Fed. Cir.1990)); *see also Tootle v. Sec'y of Navy*, 446 F.3d 167, 176-77 (D.C. Cir. 2006).

This was exactly the conclusion of the District Court in issuing the preliminary injunction in this case:

> Plaintiffs do not have the right to sue under the Tucker Act because they are not parties to a government contract. If Plaintiffs' claims were sent to the Court of Federal Claims, binding precedent in that jurisdiction would require the suit to be dismissed for lack of jurisdiction and sent back to the district court. To "maintain a cause of action pursuant to the Tucker Act [in the Court of Federal Claims] that is based on a contract, the contract must be between the plaintiff and the government." It is nonsensical to send Plaintiffs on a pointless round trip to the Court of Federal Claims.

Dist. Ct. Order at 36-37 (citing *Cienega Gardens*, 194 F.3d at 1239).

Indeed, the government has expressly argued throughout this litigation that no court would have jurisdiction to hear Plaintiffs' claims. At a hearing in the District Court on September 18, 2025, the attorney for the government said the Plaintiffs "would not be able to bring it in the Court of Federal Claims because

-9-

they would be precluded from doing so."  Dist. Ct. Hrg. Tr. at 8-9 (Sept. 18, 2025).

The government's lawyer continued:  "[I]ndividuals like these researchers—who

are not intended to be the beneficiaries of these contracts—are precluded from

bringing a suit either in District Court or in the Court of Federal Claims because

it's within the subject matter of the Tucker Act."  *Id*. at 12.  The district court

asked the government lawyer directly, "[I]s [it] the Government's view the

plaintiffs cannot sue anywhere on their First Amendment and APA claims?"  The

government's lawyer responded, "Yes."  *Id.*  The government has continued to take

the same position on appeal.

    Nothing in the panel's initial decision or its Amended Order suggests that

the Court of Federal Claims would have jurisdiction over the Plaintiffs' claims.

The panel does not disagree with the District Court's conclusion that Plaintiffs

cannot sue in the Court of Federal Claims because they are not parties to the grants

from the United States government.  The result of the panel's decision that the

District Court lacked jurisdiction over the APA claims is a total preclusion of

jurisdiction. As a result, although the Plaintiffs are injured and have standing to

sue, the panel decision leaves no court in which Plaintiffs will be able to bring their

claims that the government acted illegally in terminating grants in a manner that is

arbitrary and capricious in violation of the APA.

## II. The Panel's Amended Order Conflicts with Ninth Circuit Precedent in Concluding that the Tucker Act Bars Federal District Court Jurisdiction Where the Court of Federal Claims Would Not Have Jurisdiction.

In *Community Legal Services in East Palo Alto v. United States Department of Health and Human Services*, 137 F.4th 932 (9th Cir. 2025), the Court came to a conclusion directly opposite that of the panel's Amended Order.

*Community Legal Services* involved a challenge under the APA to the government's termination of funding for legal services for unaccompanied children in immigration proceedings. The government argued that the Tucker Act required that the matter be litigated in the Court of Federal Claims and that the district court therefore lacked jurisdiction. The Court rejected that argument and declared: "'[T]here cannot be exclusive jurisdiction under the Tucker Act if there is no jurisdiction under the Tucker Act.' For this reason, the D.C. Circuit has 'categorically reject[ed] the suggestion that a federal district court can be deprived of jurisdiction by the Tucker Act when no jurisdiction lies in the Court of Federal Claims.'" 137 F.4th at 939 (quoting *Tootle*, 137 F.4th at 176-77). As the Court explained: "The result requested by the Government would mean that no court has jurisdiction to hear plaintiffs' claims. Not only is this result contrary to common sense, but also conflicts with the 'strong presumption favoring judicial review of administrative action' that is embodied in the APA." *Id.* (quotation omitted).

-11-

As Judges Fletcher and Koh further explained in a statement concerning the denial of rehearing and rehearing en banc in *Community Legal Services*, "courts 'categorically reject the suggestion that a federal district court can be deprived of jurisdiction by the Tucker Act when no jurisdiction lies in the Court of Federal Claims.'" 155 F.4th 1099, 1102 (9th Cir. 2025) (mem.) (quoting *Tootle*, 446 F.3d at 176). Importantly, the Ninth Circuit denied rehearing and rehearing en banc in *Community Legal Services* <u>after</u> the Supreme Court's ruling in *NIH v. APHA* (*see* 155 F.4th 1099, issued Oct. 10, 2025), and carefully distinguished that case.

It is impossible to reconcile the panel's Amended Order here with the decision in *Community Legal Services of Palo Alto*. The panel in this case ruled that the District Court was deprived of jurisdiction even though none would exist in the Court of Federal Claims. But the court in *Community Legal Services* ruled that the District Court is not deprived of jurisdiction where the Court of Federal Claims would not have jurisdiction; the Tucker Act does not bar jurisdiction where it does not apply.

Only reconsideration or reconsideration en banc can resolve this conflict between recent decisions of panels of the United States Court of Appeals for the Ninth Circuit.

-12-

### III. The Complete Preclusion of Jurisdiction for Plaintiffs' Claims Under the Administrative Procedure Act Is Inconsistent With Ninth Circuit Precedent and Raises an Issue of Exceptional Importance.

The Supreme Court frequently has stressed that there is a "strong presumption that Congress intends judicial review of administrative action." *Bowen v. Mich. Acad. of Fam. Physicians*, 476 U.S. 667, 670 (1986). The Court has explained that "the Administrative Procedure Act . . . embodies the basic presumption of judicial review . . . . [O]nly upon a showing of 'clear and convincing evidence' of a contrary legislative intent should the courts restrict access to judicial review." *Abbott Lab'ys v. Gardner,* 387 U.S. 136, 140–41 (1967).

Likewise, the Ninth Circuit repeatedly has held that statutes should not be interpreted to completely preclude district court jurisdiction unless there is a clear and unequivocal statement from Congress that it desired to do so. *See, e.g., Ibarra-Perez v. United States*, 154 F.4th 989, 995 (9th Cir. 2025) ("'[W]e are guided here . . . by the general rule to resolve any ambiguities in a jurisdiction-stripping statute in favor of the narrower interpretation,' and by the 'strong presumption in favor of judicial review.'") (quotations omitted); *Arce v. United States*, 899 F.3d 796, 800–01 (9th Cir. 2018) (statutes restricting federal district court jurisdiction should be interpreted narrowly).

-13-

In fact, in another decision on December 23, 2025 (the same day as the panel's Amended Order in this case), the Ninth Circuit stressed that statutes precluding jurisdiction must be construed "narrowly" and only should be deemed to preclude jurisdiction where "their meaning is clear and unequivocal." *Powers*, No. 24-6338, --- F.4th ---, 2025 WL 3718737 at *11. The Court, quoting the Supreme Court, emphasized that when Congress creates legislation, there is a "strong presumption in favor of judicial review of administrative action." *Id.* (quoting *I.N.S. v. St. Cyr*, 533 U.S. 289, 298 (2001)).

The panel's conclusion in this case—that the District Court lacked jurisdiction to hear the APA claims even though the Plaintiffs could not sue in the Court of Federal Claims—cannot be reconciled with this strong presumption against a complete preclusion of jurisdiction. Nothing in the Tucker Act, or any Supreme Court decision or prior ruling of this Court, suggests that the Tucker Act precludes district court jurisdiction where the Court of Federal Claims would not have jurisdiction.

The panel based its conclusion on the Supreme Court's ruling in *NIH v. APHA*, declaring: "We are bound by *NIH*, which held that the APA's limited waiver of sovereign immunity did 'not provide the District Court with jurisdiction to adjudicate' similar APA claims challenging grant terminations." Amended Order at 10 (quoting *NIH v. APHA*, 145 S.Ct. at 2658).

-14-

But the Supreme Court in *NIH v. APHA* did not consider, explicitly or implicitly, whether the Tucker Act would preclude district court jurisdiction in instances, like this case, where the Court of Federal Claims would not have jurisdiction. The explicit assumption of the Supreme Court's ruling was that the plaintiffs in that case could go to the Court of Federal Claims. *See NIH*, 145 S.Ct. at 2662 n.1 (Barrett, J., concurring) (noting the holding would *not* "leave[] the plaintiffs without any prospect of relief."). By the government's own admission, that is not so here. *NIH v. APHA* thus does not provide a basis for concluding that the Tucker Act bars jurisdiction over matters that could not be brought in the Court of Federal Claims. Nothing in *NIH v. APHA* is inconsistent with the common sense proposition: The Tucker Act precludes district court jurisdiction only where it applies and vests jurisdiction in the Court of Federal Claims.

Although there were some researchers who were plaintiffs in *NIH v. APHA*, the Supreme Court did not consider them, or indicate whether they were precluded from suing in the federal district court since they could not sue in the Court of Federal Claims. In its brief opinion, the Supreme Court focused entirely on entities that could sue in that court. There is no indication whatsoever that the Supreme Court meant to interpret the Tucker Act to allow the complete preclusion of jurisdiction approved by the panel in its Amended Order. If this was the Supreme Court's conclusion, it surely would have said so in light of its past forceful

-15-

declaration that "given [the] well-settled presumption favoring interpretations of statutes that allow judicial review of administrative action . . . it is most unlikely that Congress intended to foreclose all forms of meaningful judicial review." *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 496 (1991).

The complete preclusion of jurisdiction over Plaintiffs' APA claims urged by the government and accepted by the panel is contrary to the Supreme Court's command that "the Framers . . . envisioned that the final 'interpretation of the laws' would be 'the proper and peculiar province of the courts.'" *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 385 (2024) (quoting The Federalist No. 78, p. 525 (A. Hamilton)).[6] If no federal court can hear the Plaintiffs' APA claims, then the federal agencies that terminated their grants will have the final word on what the APA means and whether their own actions violated it. That cannot be reconciled with the most basic definition of the judicial role and of checks and balances.

Whether the Tucker Act should be interpreted to preclude federal jurisdiction when it means that no court would have jurisdiction is thus an issue of exceptional importance. As this litigation reflects, the Trump administration has

---

[6] *Loper Bright* held that the Administrative Procedure Act requires courts to exercise their independent judgment in deciding whether a federal agency acted within its statutory authority, overruling the *Chevron* doctrine of judicial deference to agency interpretation in cases of statutory ambiguity. 603 U.S. at 412-413.

-16-

terminated countless grants from federal agencies. Whether and when there is a complete preclusion of federal jurisdiction, as the government argues exists here, is thus an issue on which hundreds of millions of dollars, hundreds of careers, and future research breakthroughs depend.

The larger question is also of great significance: When, if ever, should federal statutes be interpreted to preclude any court from having jurisdiction where the law does not explicitly provide for this? Neither the panel nor *NIH v. APHA* addressed this critical question, and thus reconsideration and reconsideration en banc are necessary.

## CONCLUSION

For these reasons, the Court should grant Plaintiffs' motion for panel reconsideration or reconsideration en banc.

Respectfully submitted,

December 29, 2025
By: */s/ Erwin Chemerinsky*

| **Farella Braun +<br>Martel LLP** | **Lieff Cabraser Heimann<br>& Bernstein, LLP** | |
| --- | --- | --- |
| Anthony P. Schoenberg | Elizabeth J. Cabraser | Erwin Chemerinsky |
| Linda S. Gilleran | Richard M. Heimann | Claudia Polsky |
| Donald E. Sobelman | Kevin R. Budner | U.C. Berkeley School of |
| Kyle A. McLorg | Annie M. Wanless | Law |
| Dylan M. Silva | Nabila M. Abdallah | Law Building |
| Katherine T. Balkoski | 275 Battery St., 29th Fl. | Berkeley, CA 94720-7200 |
| One Bush St., Suite 900 | San Francisco, CA 94111 | 510.642.6483 |
| San Francisco, CA 94104 | 415.956.1000 | |
| 415.954.4400 | | |

*Attorneys for Plaintiffs-Appellees*

-18-

## CERTIFICATE OF COMPLIANCE

I certify that pursuant to Ninth Circuit Rule 40-1, this motion contains 3,933 words, and it complies with Federal Rule of Appellate Procedure 32(a)(4)-(6) because it was prepared in a proportionally spaced typeface using Times New Roman 14-point font.

Dated: December 29, 2025                    */s/ Annie M. Wanless*
                                            Annie M. Wanless

## CERTIFICATE OF SERVICE

I certify that on December 29, 2025, I filed and served the foregoing document with the Clerk of the Court by causing a copy to be electronically filed via the appellate case management system. I also hereby certify that the participants in the case are registered ACMS users and will be served via ACMS.

*/s/ Annie M. Wanless*